UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYRON BANKS,

        Petitioner,

                                    Case No. 14-10140
v.                                  Honorable John Corbett O'Meara

ANTHONY M. WICKERSHAM,

        Respondent.
_____/

**ORDER**
**DENYING RESPONDENT'S MOTION TO DISMISS THE HABEAS PETITION** (dkt. #6)
**GRANTING PETITIONER'S MOTION TO ADD AND DROP A PARTY** (dkt. #7)
**DIRECTING THE CLERK TO SUBSTITUTE DANIEL H. HEYNS**
**AS THE RESPONDENT AND TO SERVE THE HABEAS PETITION ON THE STATE,**
**AND DIRECTING THE STATE TO FILE AN ANSWER TO THE HABEAS PETITION**

On January 13, 2014, petitioner Myron Banks filed a habeas corpus petition challenging his state conviction for arson of a residence. Petitioner was sentenced on June 16, 2011, to 120 days in jail, followed by two years of supervised probation. Although Petitioner was on probation by the time he filed his habeas corpus petition, he named Macomb County Sheriff Anthony M. Wickersham as the respondent.

Currently pending before the Court are respondent Wickersham's motion to dismiss the habeas petition and Petitioner's subsequent motion to add and drop a party. Respondent Wickersham alleges in his motion to dismiss the habeas petition that Petitioner was released from jail on May 5, 2013, and is no longer in his custody. Wickersham seeks to have the Court dismiss the habeas petition with prejudice or to substitute the State of Michigan as the respondent because Petitioner is now under

state-supervised probation.

Petitioner alleges in his motion to add and drop a party, which he filed on February 25, 2014, that his liberty continues to be constrained by Daniel H. Heyns, Director of the Michigan Department of Corrections. He urges the Court to substitute Mr. Heyns as the respondent for Anthony M. Wickersham. Respondent Wickersham states in a reply to Petitioner's motion that he does not object to the Court granting the relief Petitioner seeks.

The proper respondent in a habeas corpus proceeding is the person who has custody of the petitioner. *See* U.S.C. § 2242 ¶ 2 (explaining that an application for the writ of habeas corpus shall name the person who has custody over the applicant); 28 U.S.C. § 2243 ¶ 2 (stating that the writ "shall be directed to the person having custody of the person detained"); *see also* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (stating that, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody"). This custodian is the person who has the ability to bring the petitioner before the habeas court. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). But "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

Respondent Anthony M. Wickersham no longer has custody of Petitioner, and even though Petitioner apparently reports to the Macomb County Probation Office, he is challenging a state conviction and seeks to name the Director of the Michigan Department of Corrections as the respondent. Respondent Wickersham agrees that this is an appropriate solution. Accordingly,

**IT IS ORDERED** that respondent Anthony M. Wickersham's motion to dismiss the habeas petition (dkt. #6) is **DENIED**, and petitioner Myron Banks' motion to add and drop a party (dkt. #7) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall substitute Daniel H. Heyns as the respondent in this action and shall serve a copy of the habeas petition and this order on Mr. Heyns and the Michigan Attorney General by first-class mail.

**IT IS FURTHER ORDERED** that the State shall file a response to the habeas petition, along with the relevant portions of the state court record, on or before **September 18, 2014**.

SO ORDERED.

s/John Corbett O'Meara
United States District Judge

Date:  March 5, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 5, 2014, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager